IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| TORY GLOVER, | Civil Action No. |
| Plaintiff, | |
| v. | |
| MASTER MARKETING SUNLOW, INC., | JURY TRIAL DEMANDED |
| Defendant. | |

## **COMPLAINT**

COMES NOW, Plaintiff Tory Glover ("Plaintiff" or "Ms. Glover"), by and through undersigned counsel, and files her Complaint against Defendant Master Marketing Sunlow, Inc. ("Defendant"), and shows the Court as follows:

## **NATURE OF COMPLAINT**

1.

Plaintiff brings this action for damages, equitable, injunctive, and declaratory relief for Defendant's violation of her rights under the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12111 *et seq.* ("ADA"), the Family's First Coronavirus Response Act of 2020 ("FFCRA"), and those sections

1

of the Family Medical Leave Act ("FMLA") and Fair Labor Standards Act ("FLSA") specifically incorporated by the FFCRA.

## JURISDICTION AND VENUE

2.

Plaintiff invokes the jurisdiction of this court pursuant to 28 U.S.C. §§ 1331 and 1343 and 42 U.S.C. § 12117.

3.

Defendant does business in this judicial district. Additionally, the unlawful employment practices alleged in this Complaint were committed within this district. In accordance with 28 U.S.C. § 1391, venue is appropriate in this Court.

## ADMINISTRATIVE PROCEDURES

4.

Plaintiff timely filed a charge of discrimination against Defendant with the Equal Employment Opportunity Commission ("EEOC") on July 13, 2020.

5.

On April 14, 2022, Plaintiff requested that the EEOC issue the related Notice of Right to Sue with respect to her Charge of Discrimination filed against Defendant.

## **PARTIES**

6.

Plaintiff is a female citizen of the United States of America and is subject to the jurisdiction of this Court.

7.

During the relevant time period, April 4, 2016, through April 16, 2020, Plaintiff an employee of Defendant as defined by the FFCRA.

8.

Defendant regularly conducts business in this district and division under the name of Master Marketing Sunlow, Inc., with its headquarters at 1400 English St NW, Atlanta, GA 30318-4114.

9.

Defendant employed Plaintiff during the relevant time period.

10.

Plaintiff is a female citizen of the United States of America and a resident of the State of Georgia and at all such times, Plaintiff was an "employee" of Defendant as defined under 42 U.S.C. § 12111(4).

11.

At all such times, Plaintiff was an "employee" of Defendant as defined under the ADA at 42 U.S.C. § 12111(4).

12.

During all times relevant hereto, Defendant had employed fifteen (15) or more employees for the requisite duration under the ADA. Defendant is therefore covered under the ADA in accordance with 42 U.S.C. § 12111(5).

13.

Defendant may be served by service on its CEO Danny Graham at its headquarters at 1400 English Street NW, Atlanta, GA 30318-4114.

## **FACTUAL ALLEGATIONS**

14.

Defendant hired Ms. Glover on or about April 4, 2016, as a Customer Service Representative.

15.

On or about April 2, 2020, Ms. Glover became sick while at work and was sent home by the General Manager, Tyler Proud.

16.

The following day, Ms. Glover notified Mr. Proud that she will still extremely ill and not able to work.

17.

That same day, Ms. Glover had a teleconference with her medical provider, who advised that Ms. Glover likely had COVID-19 and should quarantine for 14 days.

18.

Ms. Glover called Mr. Proud and let him know that, per her doctor's orders, she had to quarantine for 14-days and would not be able to return to work.

19.

Mr. Proud texted Ms. Glover to relay that the owner of the company, Danny Graham, wanted her to get a COVID-19 test.

20.

On April 6, 2020, Ms. Glover was tested for COVID-19.

21.

On April 8, 2020, Ms. Glover received the results indicating that she was positive for COVID-19.  She was instructed to continue quarantining and told that she could return to work on April 20, 2020.

22.

Ms. Glover immediately called to update Mr. Proud of her COVID-19 status and anticipated return to work date.

23.

Defendant terminated Ms. Glover's employment on April 16, 2020, while she was under quarantine for COVID.

24.

But for Ms. Glover's disability status (i.e. her positive COVID-19 test) and her request for leave for the same (i.e. time off to quarantine), she would not have been terminated.

25.

Defendant did not provide Ms. Glover leave as provided under the FFCRA, as it terminated her prior to the expiration of her leave.

26.

Instead, Defendant denied Ms. Glover's leave, in violation of the FFCRA, and terminated her employment.

27.

Defendant failed to engage in the interactive process with Ms. Glover regarding her request for a reasonable accommodation, i.e. time off work after

testing positive for COVID, even though doing so would not have been an undue hardship.

28.

Defendant failed to notify Plaintiff of her right to medical leave for her own serious health condition in violation of the FMLA, and instead terminated her employment due to her need for medical leave.

29.

Defendant also did not provide Ms. Glover leave as provided under the FFCRA.

30.

Defendant terminated Plaintiff because she had a record of a disability and/or because it regarded her as disabled and/or because she engaged in protective activity and/or because she was entitled to the protections of the ADA.

31.

Employees outside of her protected class, i.e. employees who were not disabled and/or had not tested positive for COVID, were treated less favorably, i.e. not terminated.

32.

Defendant did not terminate Plaintiff because her requests presented any actual undue hardship.

## CLAIMS FOR RELIEF

## COUNT I:  DISABILITY DISCRIMINATION IN VIOLATION OF ADA

33.

Plaintiff reincorporates by reference paragraphs 14-32.

34.

Plaintiff had a physical impairment, i..e., Covid-19, which limited one or more major life activities and/or major bodily functions and required  her  to quarantine for the safety of herself and others.

35.

Plaintiff's physical impairment is a "disability" within the meaning of the ADA, as amended, in that it is a life-threatening condition that impairs numerous major bodily functions and major life activities, often resulting in long-term or permanent injury.

36.

Defendant was aware of Plaintiff's disability.

37.

Defendant regarded Plaintiff as having a disability such that she is a person with a disability and/or perceived disability within the meaning of the ADA, as amended, in that it terminated her because she had been diagnosed with COVID-19.

38.

Plaintiff has a record of having a disability and/or perceived disability such that she is a person with a disability within the meaning of the ADA, as amended.

39.

At all times relevant to this action, Plaintiff was a qualified individual with a known or perceived disability as defined in the ADA.

40.

Defendant terminated Plaintiff's employment because of her disability, perceived disability, or record of having a disability.

41.

By terminating Plaintiff's employment because of her disability, perceived disability, or record of having a disability, Defendant violated the ADA, as amended.

42.

Although Defendant purports to provide a legitimate non-discriminatory reason for the adverse action, this reason is a pre-text for disability discrimination.

43.

Defendant treated other employees outside Plaintiff's protected class differently.

44.

Defendant's actions in subjecting Plaintiff to different terms and conditions of employment constitutes unlawful discrimination on the basis of this violation of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12111 *et seq.*, 42 U.S.C. 2000e et seq. and 42 U.S.C. section 1981A.

45.

Defendant has willfully and wantonly disregarded Plaintiff's rights, and Defendant's discrimination against Plaintiff was undertaken in bad faith.

46.

The effect of the conduct complained of herein has been to deprive Plaintiff of equal employment opportunity and has otherwise adversely affected her status as an employee because of her disability.

47.

As a direct and proximate result Defendant's violation of the ADA, Plaintiff has been made the victim of acts that have adversely affected her psychological and physical well-being.

48.

As a result of Defendant's discriminatory actions against Plaintiff, she has suffered lost compensation and benefits, emotional distress, inconvenience, humiliation, and other indignities.

49.

Pursuant to the ADA, as amended, Plaintiff is entitled to damages including but not limited to back pay and lost benefits, reinstatement, compensatory damages, equitable relief, attorneys' fees, costs of litigation and all other relief recoverable under the ADA, as amended.

50.

Defendant discriminated against Plaintiff, and, in failing and refusing to take any appropriate remedial action to remedy the unlawful employment practices, has not only deprived Plaintiff of equal employment opportunities, but exhibited malice or reckless indifference to the federally protected rights of Plaintiff.

51.

Plaintiff thus seeks compensatory and punitive damages pursuant to §102(a)(1) of the Civil Rights Act of 1991, 42 U.S.C. § 1981a(b).

**COUNT II:  FAILURE TO ACCOMMODATE IN VIOLATION OF ADA**

52.

Plaintiff reincorporates by reference paragraphs 14-32.

53.

Plaintiff had a physical impairment which limited one or more major life activities and required her to quarantine for the safety of herself and others.

54.

Plaintiff's physical impairment is a "disability" within the meaning of the ADA, as amended.

55.

Defendant was aware of Plaintiff's disability.

56.

At all times relevant to this action, Plaintiff was a qualified individual with a known or perceived disability as defined in the ADA.

57.

Plaintiff was able to perform the essential functions of her job with a reasonable accommodation.

58.

Plaintiff requested that Defendant accommodate her disability by allowing her  time off of work to quarantine after she tested positive for COVID.

59.

Upon receiving Plaintiff's request for an accommodation, Defendant failed to engage in the interactive process with Plaintiff regarding her request for a reasonable accommodation of her disability.

60.

Defendant refused to provide Plaintiff with reasonable accommodations, even though to do so would not impose an undue hardship.

61.

By refusing to accommodate Plaintiff, Defendant violated the ADA, as amended.

62.

Defendant has willfully and wantonly disregarded Plaintiff's rights, and Defendant's failure to accommodate Plaintiff's disability was undertaken in bad faith.

63.

The effect of the conduct complained of herein has been to deprive Plaintiff of equal employment opportunity and has otherwise adversely affected her status as an employee because of her disability.

64.

As a direct and proximate result Defendant's violation of the ADA, Plaintiff has been made the victim of acts that have adversely affected her psychological and physical well-being.

65.

As a result of Defendant's discriminatory actions against Plaintiff, she has suffered lost compensation and benefits, emotional distress, inconvenience, humiliation, and other indignities.

66.

Pursuant to the ADA, as amended, Plaintiff is entitled to damages including but not limited to back pay and lost benefits, reinstatement, compensatory

damages, equitable relief, attorneys' fees, costs of litigation and all other relief recoverable under the ADA, as amended.

67.

Defendant discriminated against Plaintiff, and, in failing and refusing to take any appropriate remedial action to remedy the unlawful employment practices, has not only deprived Plaintiff of equal employment opportunities, but exhibited malice or reckless indifference to the federally protected rights of Plaintiff.

68.

Plaintiff thus seeks compensatory and punitive damages pursuant to §102(a)(1) of the Civil Rights Act of 1991, 42 U.S.C. § 1981a(b).

## COUNT III:  RETALIATION IN VIOLATION OF THE ADA, AS AMENDED

69.

Plaintiff reincorporates by reference paragraphs 14-32.

70.

Plaintiff had a physical impairment which limited one or more major life activities and required  her  to quarantine for the safety of  herself and others.

15

71.

Plaintiff's physical impairment is a "disability" within the meaning of the ADA, as amended.

72.

Defendant was aware of Plaintiff's disability.

73.

At all times relevant to this action, Plaintiff was a qualified individual with a known or perceived disability as defined in the ADA.

74.

Defendant terminated Plaintiff for requesting an accommodation for her disability and/or perceived disability.

75.

Plaintiff's request for an accommodation of her disability and/or perceived disability constitutes protected conduct under the ADA, as amended.

76.

Defendant retaliated against Plaintiff by terminating her employment on the basis of her request for an accommodation.

77.

Defendant terminated Plaintiff's employment within a close temporal proximity to Plaintiff's accommodation requests.

78.

Defendant's proffered reasons for terminating Plaintiff's employment are a pretext designed to hide Defendant's retaliatory motive.

79.

Defendant's retaliatory actions against Plaintiff were in violation of the ADA, as amended.

80.

Defendant willfully and wantonly disregarded Plaintiff's rights, and Defendant's retaliation against Plaintiff was undertaken in bad faith.

81.

As a result of Defendant's retaliatory actions against Plaintiff, she has suffered lost compensation and benefits, emotional distress, inconvenience, humiliation, and other indignities.

82.

Pursuant to the ADA, as amended, Plaintiff is entitled to damages including but not limited to back pay and lost benefits, reinstatement, compensatory

damages, equitable relief, attorneys' fees, costs of litigation and all other relief recoverable under the ADA, as amended.

83.

Defendant discriminated against Plaintiff, and, in failing and refusing to take any appropriate remedial action to remedy the unlawful employment practices, has not only deprived Plaintiff of equal employment opportunities, but exhibited malice or reckless indifference to the federally protected rights of Plaintiff.

84.

Plaintiff thus seeks compensatory and punitive damages pursuant to 42 U.S.C. § 12111 *et seq.*

## **COUNT IV:  VIOLATIONS OF THE FFCRA**

85.

Plaintiff reincorporates by reference paragraphs 14-32.

86.

At all times material to this Complaint, Defendant was a covered employer under the FFCRA because Defendant has been a private employer and has had fewer than five hundred (500) employees.

18

87.

Plaintiff was an employee under the FFCRA eligible for paid sick leave and paid leave due to the fact that she tested positive for COVID and had to be quarantined.

88.

On April 8, 2020, Plaintiff notified Defendant that she had tested positive for COVID.

89.

Because of this, under the FFCRA Plaintiff qualified for two weeks of paid sick leave while she quarantined and recovered.

90.

As a result of Defendant's willful violations of the FFCRA, Plaintiff is entitled to the pay she lost as a result of the denial of leave and her termination, liquidated damages, and reinstatement or front pay in lieu thereof.

91.

By reason of the said intentional, willful and unlawful acts of Defendant, Plaintiff has suffered damages plus incurring costs and reasonable attorney's fees.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests that this Court:

(a)       General damages for mental and emotional suffering caused by Defendant's violations of the Americans with Disabilities Act;

(b)       Punitive damages based on Defendant's willful, malicious, intentional, and deliberate acts, including ratification, condonation and approval of said acts under the Americans with Disabilities Act;

(c)       Special damages and/or liquidated damages for lost wages and benefits and prejudgment interest thereon;

(d)       Reasonable attorney's fees and expenses of litigation;

(e)       Trial by jury as to all issues;

(f)       Prejudgment interest at the rate allowed by law;

(g)       Declaratory relief to the effect that Defendant has violated Plaintiff's statutory rights;

(h)       Injunctive relief of reinstatement, or front pay in lieu thereof, and prohibiting Defendant from further unlawful conduct of the type described herein; and

(i)       All other relief to which she may be entitled.

Respectfully submitted the 15th day of April, 2022.

**BARRETT & FARAHANY**

 s/ *Matthew C. Billips*
Matthew C. Billips
Georgia Bar No. 057110

*Attorney for Tory Glover*

P.O. Box 530092
Atlanta, GA 30353
(404) 214-0120
(404) 214-0125 Facsimile
matt@justiceatwork.com